IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL DICKERSON,<br><br>    Plaintiff,<br><br>         v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil No. 12-CV-05585 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

Before the Court are a motion for an extension of time to file an answer (Dkt. Ent. 14) and a motion to strike (Dkt. Ent. 19) filed by the Commissioner of Social Security ("Commissioner" or "Defendant"). Also before the Court is a motion for default judgment (Dkt. Ent. 16) filed by Michael Dickerson ("Plaintiff"). For the reasons set forth below, Defendant's motion for an extension of time is GRANTED, while Plaintiff's motion for default judgment is DENIED. Defendant's motion to strike is GRANTED in part and DENIED in part.

**I.   BACKGROUND**

Plaintiff filed this appeal from the Commissioner's denial of Plaintiff's application for disability benefits, along with an application to proceed without prepayment of fees or costs on September 7, 2012. (Dkt. Ent. 1.) The Court granted Plaintiff's

1

application on January 7, 2013 and directed the Clerk of the Court to docket the complaint (the "Complaint"). (Dkt. Ent. 2.) The Summons was served on the Office of the United States Attorney for the District of New Jersey on February 8, 2013, and the answer due date was set for April 9. (Dkt. Ents. 3-6.)

On April 15, Defendant filed a request for an extension of time pursuant to Local Civil Rule 6.1, which was denied the following day because the request was untimely. (Dkt. Ent. 7.) Accordingly, on April 16, Defendant filed an answer (the "Answer") along with a letter requesting permission to file the Answer out of time. (Dkt. Ent. 8.) Plaintiff moved for default based on the untimely answer. (Dkt. Ent. 11.) In a May 16 Order, the Court denied Defendant's request without prejudice but permitted Defendant to file a formal motion seeking an extension of time. (Dkt. Ent. 13.) In addition, the Court denied Plaintiff's motion without prejudice as premature. (Id.) The instant motions ensued.

## II. MOTION FOR AN EXTENSION OF TIME AND MOTION FOR DEFAULT JUDGMENT

Under Federal Rule of Civil Procedure 6(b)(1)(B) "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In support of Defendant's motion, counsel asserts that, due to an administrative error, she understood the

time for response to be April 15, 2013 — the day she sought an extension pursuant to Local Civil Rule 6.1. She only became aware of this error on April 16 when her request was denied. Plaintiff opposes an extension because there were no unusual or extraordinary circumstances that prevented the timely filing of Defendant's Answer.

Excusable neglect under Rule 6(b)(1)(B) is evaluated under the factors set forth in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, (1993). See Drippe v. Tobelinski, 604 F.3d 778, 784-85 (3d Cir. 2010); see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125 n.7 (3d Cir. 1999) (holding that Pioneer factors apply to all excusable neglect inquiries mandated under the Federal Rules of Civil Procedure). Under Pioneer, a court

> must consider "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Drippe, 604 F.3d at 785 (citing Pioneer, 507 U.S. at 395). Here, these factors favor granting an extension of time.

Defendant believed – albeit mistakenly - that service of process was effected on February 14, 2013 and, therefore, that the Answer was due on April 15. Although inadvertence or mistakes in calculation of time are generally not deemed

3

excusable neglect, the circumstances here demonstrate that Defendant acted in good faith. See McCleary v. City of Wildwood, No. 09-2876, 2011 WL 1630822, at *1 (D.N.J. Apr. 29, 2011) ("As the Supreme Court recognized, '[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" (quoting Pioneer, 507 U.S. at 396)). Defendant sought an automatic extension of time prior to the expiration of the time period she believed applied to her Answer, and then, immediately upon learning that she had miscalculated the deadline, she filed her Answer.

Because the Answer was filed only one week after the due date, the Court does not find – nor has Plaintiff provided – any reason why Plaintiff would be prejudiced by this extension. Defendant submitted proof of service, in the form of UPS delivery receipts, demonstrating that Plaintiff received the Answer on April 23, 2013. (See Dkt. Ents. 12, 13.) Furthermore, any prejudice to Plaintiff was obviated by the Court's prior Order, which directed that the briefing continue pending resolution of any motion for an extension of time and extended

4

Plaintiff's time to file his brief to July 30, 2013 (75 days from the date of that Order).[1]

Accordingly, the Court finds that Defendant has demonstrated excusable neglect and will therefore grant Defendant's motion for an extension of time to April 16, 2013, rendering the Answer timely filed. See McCleary, 2011 WL 1630822, at *1-3 (granting extension of time where Defendant filed motion fifty-three days late but demonstrated excusable neglect); Bank v. Lake Estates Condominium Assoc., Inc., No. 11-5338, 2012 WL 1435637, at *7-8 (D.N.J. Apr. 25, 2012) (finding excusable neglect in failure to file answer where no prejudice to plaintiff, delay was not significant, and no evidence of bad faith); Harrison v. Trump Plaza Hotel & Casino, No. 12-6683, 2013 WL 1750003, at *2 (D.N.J. Apr. 23, 2013) (finding excusable neglect where delay of only three weeks due to clerical or administrative error, no evidence of bad faith, and litigation had proceeded meaningfully in the defendants' absence). In granting Defendant's motion for an extension of time, the Court denies Plaintiff's motion for default judgment as moot.[2] See Harrison, 2013 WL 1750003, at *2.

---

[1] Plaintiff filed his brief on July 1, 2013. (Dkt. Ent. 21.)

[2] The Court also notes that, motions for default judgment are governed by Federal Rule of Civil Procedure 55. Under the Rule, entry of default by the clerk of the court is a necessary prerequisite to default judgment. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance

**III. MOTION TO STRIKE**

Defendant also moves pursuant to Rule 12(f) to strike from the record Plaintiff's second response[3] in opposition to the motion for an extension of time, arguing that it is impertinent to the matters at hand. Plaintiff's response attached a letter dated November 23, 2010 pertaining to another litigant, which Defendant mistakenly mailed to Plaintiff. Plaintiff relies upon this document in an addendum to his response, arguing that it reflects Defendant's "confusion between their [sic] offices in regards to applications" and evidences an additional "blunder" committed by Defendant.[4] (Dkt. Ent. 18 at 7.) Plaintiff did not oppose Defendant's motion to strike.

Federal Rule of Civil Procedure 12(f) permits the Court to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) motions are generally "viewed with disfavor" and usually will be denied by courts "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." See, e.g., Choy v. Comcast Cable Commc'ns, Inc., No. 08-4092, 2012 WL

---

Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006). No such entry was sought or obtained here.

[3] Plaintiff filed his first response in opposition to Defendant's motion on May 21, and his second response on June 4.

[4] The other alleged "blunder" was Defendant's failure to timely answer the Complaint. (See Dkt. Ent. 18 at 7.)

253382, at *1 (D.N.J. Jan. 26, 2012) (considering motion to strike paragraphs in counterstatement of material facts submitted as part of summary judgment briefing).

Although the Court believes the relevance of this letter that was mistakenly sent to Plaintiff is minimal at best to Defendant's request for an extension of time, it will still exercise its "considerable discretion" to deny Defendant's motion to strike. See Choy, 2012 WL 253382, at *11 (citing Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993)). Defendant seeks to strike the entire response although only portions of it contain or rely upon the unrelated letter. The request is therefore overbroad. In any event, the Court has granted Defendant's motion to file its Answer out of time and Defendant has not offered any other persuasive reasons for striking Plaintiff's response. The Court will, however, grant Defendant's request that Plaintiff return the original and any copies of this letter to Defendant.

**IV. ORDER**

FOR THESE REASONS, it is on this, the **14th** day of **August 2013**, hereby

**ORDERED** that Defendant's motion for an extension of time to file an answer (Dkt. Ent. 14) is GRANTED; and it is further

**ORDERED** that Plaintiff's motion for default judgment (Dkt. Ent. 16) is DENIED; and it is further

7

**ORDERED** that Defendant's motion to strike (Dkt. Ent. 19) is GRANTED in part and DENIED in part; and it is further

**ORDERED** that within twenty (20) days Plaintiff shall return to Defendant the original and any and all copies of the November 23, 2010 letter mistakenly sent to him.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
